OPINION JUDGMENT ENTRY
{¶ 1} Appellant Dosby Mason appeals his conviction, in the Stark County Court of Common Pleas, for one count of trafficking in cocaine. The following facts give rise to this appeal.
 {¶ 2} Johnna Thomas, a paid confidential informant, for the Alliance Police Department, made a number of crack cocaine buys between July 2001 and November 2002. During this period of time, Thomas successfully completed forty-one drug buys. Thomas became a confidential informant, for the Alliance Police Department, after she faced possible criminal charges as a result of a drug buy that occurred at her residence. The Alliance Police Department compensated appellant depending on how much time she spent attempting to complete a drug buy.
 {¶ 3} Every time Thomas made a drug buy, she, as well as her vehicle, were thoroughly searched. The police provided her with photocopied money that she used to make the drug buy. The police also wired Thomas with a microphone and transmitting device which permitted them to listen and record the transaction. The police followed Thomas, in an unmarked vehicle, and met her after the transaction was completed. Following completion of a drug buy, the police retrieved the drugs from Thomas and searched her person as well as her vehicle.
 {¶ 4} The drug buy that is the subject of this appeal occurred on June 5, 2002. The residence in question is located at 805 South Freedom Street in the City of Alliance. The intended target of the drug buy was Henry Hunter, known by the street name of "H." Prior to Thomas going to the residence, Lt. Griffith and Detective Bair met with Thomas and provided her with forty dollars of photocopied money and searched her person and vehicle. The officers also outfitted Thomas with a microphone so they could listen and record the transaction.
 {¶ 5} The officers followed Thomas as she drove to the residence on South Freedom Street. The officers parked in an alley about half a block from the residence. Although the officers were not able to observe the transaction, after they pulled into the alley, they recognized the four people, on the porch, at the residence in question. Although Thomas attempted to purchase drugs from "H," "H" informed Thomas that she had to get the drugs from appellant. Thereafter, Thomas gave appellant forty dollars and appellant gave Thomas .18 grams of crack cocaine wrapped in a piece of tissue.
 {¶ 6} Following the drug buy, Thomas returned to her vehicle and met the officers at Stanton Middle School. Thomas gave the crack cocaine to the officers. The officers once again searched her person and vehicle.
 {¶ 7} On November 4, 2002, the Stark County Grand Jury indicted appellant for one count of trafficking in cocaine. Appellant entered a plea of not guilty and this matter proceeded to trial. Following deliberations, the jury found appellant guilty. After timely filing a notice of appeal, appellant filed a motion, with the trial court, requesting a new trial on the basis that Thomas has a prior criminal history which was not disclosed by the state. The trial court granted appellant's motion for new trial. The pending appeal was dismissed.
 {¶ 8} This matter proceeded to a second trial on November 13, 2003. Following deliberations, the jury found appellant guilty as charged. The trial court sentenced appellant to a prison term of twelve months and suspended his driver's license for two years.
 {¶ 9} Appellant timely filed a notice of appeal and sets forth the following assignments of error for our consideration:
 {¶ 10} "I. The trial court's finding of guilty was against the manifest weight of the evidence and was not supported by sufficient evidence.
 {¶ 11} "II. The trial court erred in permitting testimony beyond a witnesses (sic) personal knowledge and qualifications."
 I {¶ 12} In his First Assignment of Error, appellant maintains his conviction is against the manifest weight and sufficiency of the evidence. We disagree.
 {¶ 13} On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenks (1991),61 Ohio St.3d 259, paragraph two of the syllabus. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v.Martin (1983), 20 Ohio App.3d 172, 175. See also, State v.Thompkins (1997), 78 Ohio St.3d 380. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175.
 {¶ 14} R.C. 2925.03(A)(1) sets forth the offense of trafficking in cocaine and provides: "No person shall knowingly * * * [s]ell or offer to sell a controlled substance[.]" Appellant does not challenge his conviction on the basis that the state failed to prove an element of the offense. Nor does appellant claim the jury lost its way in considering the evidence. Instead, appellant focuses on the credibility of Johnna Thomas, the confidential informant.
 {¶ 15} Appellant claims his conviction is against the manifest weight and sufficiency of the evidence because Thomas is a convicted felon and admitted to previously lying in court. Appellant also contends there was no mention of drugs on the audio tape of the transaction. Appellant further challenges the fact that appellant was not thoroughly searched before and after the transaction because Thomas could have hidden crack cocaine where the male officers could not have searched.
 {¶ 16} As to the credibility of Thomas, Lt. Griffith testified, on cross-examination, that virtually any confidential informant will have a criminal history, which is preferable because a confidential informant that is unfamiliar with the drug scene is unlikely to be able to successfully complete drug transactions for the police. Tr. Vol. I at 242. We addressed a similar argument in State v. Callock, Stark App. No. 2001CA00231, 2002-Ohio-902. In Callock, the defendant argued the confidential informant was not credible because he was a convicted felon. Id. at 4. We declined to accept this argument and instead held:
 {¶ 17} "Based upon our review of the record, we conclude the confidential informant's testimony that appellant sold him the cocaine was bolstered by the officers' testimony that they recognized appellant's voice while monitoring the confidential informant's transactions. The officers also testified that they observed appellant either with the confidential informant or in his vicinity when the transactions occurred." Id. at 4.
 {¶ 18} Similarly, in the case sub judice, the officers parked in an alley as Thomas made the drug buy. Lt. Griffith testified that he recognized the four people, on the porch, had previously spoken to these men and was able to recognize their voices as Thomas' actions were broadcast from the porch. Tr. Vol. I at 187, 192.
 {¶ 19} Appellant also challenges his conviction on the basis that there was no mention of drugs on the audiotape and there was only a vague reference to him on the entire tape. Specifically, appellant refers to the term "40." However, Detective Bair testified that there is almost never a specific mention of the drug sought for purchase or even the purchase price. Tr. Vol. II at 13. A drug dealer would be suspicious of someone who asked for forty dollars worth of crack cocaine. Tr. Vol. II at 13-14. Further, on the audiotape, Thomas states "I got to check Dos" indicating that she transacted the sale with appellant. Tr. Vol. I at 284-286.
 {¶ 20} Finally, appellant maintains Thomas could have hidden crack cocaine in a body cavity where the police could not search. The record indicates Thomas was searched as thoroughly as a male confidential informant would have been searched. Tr. Vol. II at 37. Further, Thomas wore a wire and was closely observed by the police both before and after the transaction.
 {¶ 21} Upon review of the record in this matter, we conclude the trier of fact could have found all of the essential elements of trafficking in crack cocaine proven beyond a reasonable doubt. There is no evidence the trial court lost its way in resolving conflicts in the evidence. Further, the state's evidence is legally sufficient to support the guilty verdict.
 {¶ 22} Appellant's First Assignment of Error is overruled.
 II {¶ 23} Appellant maintains, in his Second Assignment of Error, the trial court erred in permitting testimony beyond the personal knowledge and qualifications of a witness. We disagree.
 {¶ 24} In support of this assignment of error, appellant maintains Detective Bair should not have been permitted to testify about his interpretation of the term "40." Detective Bair stated, during cross-examination:
 {¶ 25} "Q. You just indicated that you heard a voice you recognized being Henry Hunter say what do you want or something to that effect and then you heard a voice you recognize as Johnna Thomas say 40?
 {¶ 26} "A. Correct.
 {¶ 27} "Q. What do those words mean to you in your — in light of your experience in the drug trade?
 {¶ 28} "A. She's asking for $40 worth of crack cocaine." Tr. Vol. II. at 17-18.
 {¶ 29} Subsequently, Detective Bair admitted that "40" may also refer to beer, however, in this particular case it was a reference to crack cocaine. Tr. Vol. II at 34-35. Appellant claims this testimony was not admissible under Evid.R. 602, which provides:
 {¶ 30} "A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that he has personal knowledge of the matter. Evidence to prove personal knowledge may, but need not, consist of the testimony of the witness himself. * * *."
 {¶ 31} Appellant also claims this testimony was not admissible under Evid.R. 701, which provides:
 {¶ 32} "If the witness is not testifying as an expert, his testimony in the form of opinions or inferences is limited to those opinions or inferences which are (1) rationally based on the perception of the witness and (2) helpful to a clear understanding of his testimony or the determination of a fact in issue."
 {¶ 33} The trial court did not err when it permitted Detective Bair to testify regarding the meaning of the term "40." In State v. Barnett (Sept. 22, 1992), Franklin App. No. 92AP-345, the Tenth District Court of Appeals addressed a similar argument and explained:
 {¶ 34} "[A] police officer is permitted to testify concerning his own expertise as to the behavioral and language patterns of people commonly observed on the streets, including people associated with criminal activities, in a manner helpful for the jury's clear understanding of the factual issues involved. In particular, the police officer's knowledge of the slang terminology usually accompanying drug transactions is permissible." Id. at 2.
 {¶ 35} Accordingly, Detective Bair's testimony was admissible under Evid.R. 602 and Evid.R. 701.
 {¶ 36} Appellant's Second Assignment of Error is overruled.
 {¶ 37} For the foregoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.
Wise, J., Hoffman, P.J., and Boggins, J., concur.
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
Costs assessed to Appellant.