JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Eddie Short, appeals his conviction and sentence imposed after a jury found him guilty of drug possession, in violation of R.C. 2925.11; two counts of second-degree drug trafficking, in violation of R.C. 2925.03; and one count of first-degree drug trafficking, in violation of R.C.2925.03, with a major drug offender specification.
 {¶ 2} He was sentenced to a seven-year prison term for the drug possession conviction, seven-year prison terms for each of the second-degree drug trafficking convictions, and a ten-year prison term for the first-degree drug trafficking conviction. These prison terms were ordered to be served concurrently. The trial court also imposed a two-year prison term for the major drug offender specification, which it ordered to be served consecutively to the ten-year prison term. The trial court further informed appellant that he was subject to post-release control.
 {¶ 3} Appellant challenges his convictions and sentences in seven assignments of error. After a review of the record and arguments of the parties, we affirm in part and vacate in part the decision of the trial court for the reasons set forth below.
 {¶ 4} Appellant was arrested as the result of a joint investigation by the Cleveland Police Department and the Mayfield Heights Police Department that was launched after Dale Sutter, who was arrested on charges of drug trafficking, identified Eddie Short as a major drug dealer in the area. Sutter agreed to take part in the investigation as a confidential informant. As part of the investigation, Sutter would page appellant and enter codes to signify how much crack cocaine he wanted to buy. Evidence was introduced at trial that if Sutter wanted $5,000 worth of crack cocaine, he would enter "5000" after his call-back number in the page; if he wanted $500 worth, he would enter "500." On several occasions, appellant called in response to the page; he discussed the drug sales and set up times to meet with Sutter. These telephone conversations were recorded. Appellant's convictions stem from three separate incidents that occurred this way.
 {¶ 5} Appellant met with Sutter on January 9, 2003 to sell crack cocaine. This meeting was set up in a conversation two days earlier. Detectives called appellant's pager number and entered Sutter's call-back number with the "5000" code. They immediately called again and entered the "500" code. Appellant responded to the page by calling Sutter. During this recorded conversation, which was entered into evidence, Sutter agreed to meet at appellant's residence. Sutter wore a body wire and was under constant police surveillance at this meeting. Sutter was given $500 to make the buy. Appellant and Sutter drive in Sutter's car to another meeting spot where appellant indicated they would meet with someone else who would bring the drugs. When another car pulled up, appellant went to the car, got in, and returned with crack cocaine, which he gave to Sutter. The police recovered the drugs, and it was stipulated at trial that it was 13.67 grams of crack cocaine.
 {¶ 6} During the recorded conversation between Sutter and appellant on January 9, 2004, appellant spoke in terms of units, telling Sutter that "it will cost a dollar apiece." Evidence was introduced that this meant it would cost Sutter $1,000 for an ounce of crack cocaine. Appellant further indicated on the recordings that it would not be a problem to get $5,000 worth of crack cocaine, which would be five ounces.
 {¶ 7} On January 13, 2003, the police again used Sutter to contact appellant. The police called appellant's pager, entered Sutter's call-back number and entered the "5000" code to indicate that Sutter wanted to buy $5,000 worth of crack cocaine. Appellant called back, and the two met at appellant's home. Sutter again wore a body wire and was under police surveillance. Although appellant had arranged for someone to deliver drugs to sell, the delivery never came. No drugs were sold or recovered by the police that night.
 {¶ 8} On January 30, 2003, the police again paged appellant with the "5000" code and Sutter's call-back number. Sutter picked up appellant and drove him to a residence. Another car pulled up with three people who were bringing the drugs. Appellant had not been able to secure five ounces of crack cocaine, so the price was adjusted to $2,500 for approximately half that amount of crack cocaine. When appellant went to the other car, the police moved in and arrested him. The drugs had not yet been exchanged. The police recovered the crack cocaine, which the parties stipulated weighed 47.62 grams.
 {¶ 9} Appellant now appeals citing seven assignments of error; we will address each of appellant's assignments below.
 {¶ 10} "I. APPELLANT WAS DENIED DUE PROCESS UNDER THE SIXTH
AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION, AND SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION DUE TO COUNSEL'S FAILURE TO PURSUE THE DEFENSE OF ENTRAPMENT."
 {¶ 11} In order to substantiate a claim of ineffective assistance of counsel, an appellant must demonstrate (1) that the performance of the defense counsel was seriously flawed and deficient, and (2) the result of the appellant's trial or legal proceeding would have been different had defense counsel provided proper representation. Strickland v. Washington (1984),466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 647; State v. Brooks
(1986), 25 Ohio St.3d 144, 147, 495 N.E.2d 407.
 {¶ 12} Here, the outcome of the trial would not have been different had defense counsel asserted entrapment as a defense. The Supreme Court of Ohio established the test for entrapment inState v. Doran (1983), 5 Ohio St.3d 187, 192 N.E.2d 1295. TheDoran court stated that "[w]here the criminal design originates with the officials of the government, and they implant in the mind of an innocent person the disposition to commit the alleged offense and induce its commission in order to prosecute, the defense of entrapment is established and the accused is entitled to acquittal." Id. at 192. But, "entrapment is not established when government officials merely afford opportunities or facilities for the commission of the offense and it is shown that the accused was predisposed to commit the offense." Id. (internal quotation marks and citations omitted).
 {¶ 13} The record shows that appellant was predisposed to commit the crimes for which he was convicted. Each time he was paged, appellant immediately made a return telephone call and set up the drug deal. The police merely afforded him an opportunity to offer to sell crack cocaine and to make transactions. Thus, failure to raise the affirmative defense of entrapment did not constitute ineffective assistance of counsel. Appellant's first assignment of error is overruled.
 {¶ 14} In appellant's second and third assignments of error, he challenges the sufficiency and manifest weight of the evidence used to convict him. We will address these assignments of error together.
 {¶ 15} "II. THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S MOTION FOR ACQUITTAL UNDER CRIM.R. 29 BECAUSE THE STATE FAILED TO PRESENT SUFFICIENT EVIDENCE TO ESTABLISH BEYOND A REASONABLE DOUBT THE ELEMENTS NECESSARY TO SUPPORT APPELLANT'S CONVICTIONS.
 {¶ 16} "III. APPELLANT'S CONVICTIONS ARE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 17} We review a sufficiency challenge de novo, State v.Thompkins, 78 Ohio St.3d 380, 386, 1997-Ohio-52, 678 N.E.2d 541, to determine "whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Stallings,89 Ohio St.3d 280, 289, 2000-Ohio-164, 731 N.E.2d 159 (emphasis sic), quotingJackson v. Virginia (1979), 443 U.S. 307, 319, 99 S.Ct. 2781,61 L.Ed.2d 560. In contrast, the purpose of manifest weight review is to determine "whether the evidence produced attains the high degree of probative force and certainty required of a criminal conviction." State v. Getsy, 84 Ohio St.3d 180, 193,1998-Ohio-533, 702 N.E.2d 866.
 {¶ 18} Although a court of appeals may determine that a judgment is sustained by sufficient evidence, the court may nevertheless conclude the judgment is against the manifest weight of the evidence. State v. Thompkins at 387. In considering a manifest weight claim, the court reviews the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the fact finder clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed. State v. Lindsey,87 Ohio St.3d 479, 483, 2000-Ohio-465, 721 N.E.2d 995.
 {¶ 19} Appellant claims there was insufficient evidence to convict him of first-degree drug trafficking as charged in count four. R.C. 2925.03(A)(1) provides that no person shall knowingly "[s]ell or offer to sell a controlled substance." Moreover, R.C.2925.03(C)(4)(g) provides that "[i]f the amount of drug involved * * * equals or exceeds one hundred grams of crack cocaine and regardless of whether the offense was committed in the vicinity of a school or in the vicinity of a juvenile, trafficking in cocaine is a felony of the fist degree, the offender is a major drug offender, and the court shall impose as a mandatory prison term the maximum prison term prescribed for a felony of the first degree and may impose an additional mandatory prison term prescribed for a major drug offender under division (D)(3)(b) of section 2929.14 of the Revised Code." The jury found appellant guilty of drug trafficking and found that the offense involved more than 100 grams of crack cocaine.
 {¶ 20} In State v. Scott (1982), 69 Ohio St.2d 439,432 N.E.2d 798, the Supreme Court of Ohio ruled that "[a] person can `offer to sell a controlled substance' in violation of R.C.2925.03(A)(1) without transferring a controlled substance to the buyer." Id. at syllabus. The statute applies to anyone who serves as a link in the chain of supply. Id. at 441; State v. Matthews
(Apr. 9, 1998), Cuyahoga App. No. 72123. Criminalizing an offer to sell a controlled substance is aimed to prevent drug commerce; there need not be an actual sale. Id.; see, also, State v.Gladden (Nov. 23, 1994), Cuyahoga App. No. 65911 (affirming defendant's drug trafficking conviction even though police broke up the transaction before the sale and even though the recovered substance tested negative for cocaine).
 {¶ 21} In the instant case, evidence was presented that appellant used a coded paging system to distribute crack cocaine. He was recorded saying that getting five ounces would not be a problem. Appellant was also recorded talking about how much he would charge per ounce. Although many of these conversations and rituals involved coded language and drug terminology, we find that, based on the evidence presented, a rational trier of fact could have found the essential elements to find Eddie Short guilty of first-degree drug trafficking with the major drug offender specification. Appellant's second assignment of error is overruled.
 {¶ 22} Appellant's manifest weight argument challenges each of his convictions. He claims that the jury erred in determining the credibility of the confidential informant and lost its way in weighing the evidence used to convict him. We disagree. In reviewing the record, the evidence produced at trial had the requisite degree of probative force and certainty for a criminal conviction. The record shows that the jury did not lose its way to create a manifest miscarriage of justice. Appellant's third assignment of error is overruled.
 {¶ 23} "IV. THE TRIAL COURT ERRED BY DENYING APPELLANT'S REQUEST TO GIVE [SIC] INSTRUCT THE JURY ON THE LESSER INCLUDED OFFENSE OF ATTEMPT ON COUNT FOUR."
 {¶ 24} A charge on a lesser included offense is required only where evidence produced at a trial would reasonably support both acquittal on the crime charged and a conviction on the lesser offense. State v. Thompson (1988), 40 Ohio St.3d 213,533 N.E.2d 286, paragraph two of the syllabus. In this case, there was evidence that appellant offered to sell five ounces of crack cocaine. Offering to sell a controlled substance is sufficient to support a conviction for drug trafficking under R.C. 2925.03.State v. Scott, supra, at syllabus. Thus, evidence produced at trial did not reasonably support acquittal on drug trafficking. As a result, the trial court was not required to instruct the jury on the lesser included offense of attempted drug trafficking. Appellant's fourth assignment of error is overruled.
 {¶ 25} "V. THE TRIAL COURT ERRED BY ADMITTING A LAY WITNESS TO OFFER OPINION TESTIMONY OVER APPELLANT'S OBJECTION IN VIOLATION OF EVIDENCE RULES 701, 401, 402, AND 403."
 {¶ 26} Appellant claims that the trial court erred by allowing testimony from a police officer that helped define drug terminology. Specifically, the police officer testified that when appellant was heard on the recordings referencing an "O," he was talking about an ounce. The police officer further testified that when appellant was recorded talking about units of one, two, three, four, or five, he was referring to that many ounces. And, the police officer testified that when appellant was recorded saying that "they cost a dollar apiece," he meant it would cost $1,000 for each ounce of crack cocaine.
 {¶ 27} We review a trial court's decision to admit or exclude evidence under Evid.R. 701 and 403 for abuse of discretion. An abuse of discretion connotes a decision that is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219, 450 N.E.2d 1140.
 {¶ 28} Under Evid.R. 701, nonexpert witnesses are allowed to testify in the form of opinions that are (1) rationally based on the perception of the witness, and (2) helpful to a clear understanding of his testimony or the determination of fact in issue. Ohio courts have routinely ruled that police officers are allowed to give nonexpert opinions regarding drug terminology. See, e.g., State v. Mason, Stark App. No. 2003CA00438,2004-Ohio-4896; State v. Bulger (Oct. 7, 1994), Sandusky App. No. S-94-S; State v. Scott (Sept. 27, 1990), Franklin App. No. 90AP-255. Such testimony is allowed if interpretation of drug terminology is based on the police officer's perceptions through experience in drug investigations. See State v. Bulger (stating that the police officer's statement that certain terminology meant crack cocaine was properly admitted because it was based on his perceptions as an experienced undercover agent).
 {¶ 29} Evidence demonstrated that the police officer in this case had been a secret service agent for eight years and an investigator with the Mayfield Heights Police Department involved in drug investigations for more than five years. Interpretation of drug terminology by the police officer here was based on his perceptions as an experienced investigator. The trial court did not abuse its discretion in allowing this testimony.
 {¶ 30} Furthermore, the trial court did not abuse its discretion by not excluding this testimony under Evid.R. 401, 402 or 403. Allowing the police officer to help define drug terminology was relevant to determine whether appellant was guilty of drug trafficking, and its probative value was not outweighed by the danger of unfair prejudice.
 {¶ 31} Appellant's fifth assignment of error is overruled.
 {¶ 32} "VI. APPELLANT'S SENTENCE IS CONTRARY TO LAW AND VIOLATED HIS CONSTITUTIONAL RIGHTS."
 {¶ 33} Appellant claims that the trial court erred by imposing an additional two-year consecutive sentence on the major drug offender specification. R.C. 2925.03(C)(4)(g) provides that if the amount of the drug involved equals or exceeds 100 grams of crack cocaine "the offender is a major drug offender, and the court shall impose as a mandatory prison term the maximum prison term prescribed for a felony of the first degree and may impose an additional mandatory prison term prescribed for a major drug offender under division (D)(3)(b) of section 2929.14 of the Revised Code." R.C. 2929.14(D)(3) provides in pertinent part:
 {¶ 34} "(a) * * * if the offender commits a violation of section 2925.03 or 2925.11 of the Revised Code and that section classifies the offender as a major drug offender and requires the imposition of a ten-year prison term on the offender, * * * the court shall impose upon the offender for the felony violation a ten-year prison term that cannot be reduced pursuant to section 2929.30 or Chapter 2967. or 5120. of the Revised Code.
 {¶ 35} "(b) The court imposing a prison term on an offender under division (D)(3)(a) of this section may impose an additional prison term of one, two, three, four, five, six, seven, eight, nine, or ten years, if the court, with respect to the term imposed under division (D)(3)(a) of this section * * * makes both of the findings set forth in division (D)(2)(b)(i) and (ii)."[1] {¶ 36} Appellant contends that the recent decision in Blakely v. Washington (2004), ___ U.S. ___,124 S.Ct. 2531, 159 L.Ed.2d 403 requires reversal in the case at bar because the Ohio major drug offender statue allows a judge to make findings of fact that increases the penalty for a crime beyond the prescribed statutory maximum. We agree that Blakely
applies in limited scope to Ohio's major drug offender statute.
 {¶ 37} In the recent case of State v. Lett,161 Ohio App.3d 274, 2005-Ohio-2665, 829 N.E.2d 1281, we declined to accept the proposition forwarded by the appellant that Blakely, when applied to Ohio's sentencing structure, requires that a jury make additional factual determinations in order for the trial court to impose a maximum sentence on an offender. In Lett, we held that R.C. 2929.14(C) and (E), which govern the imposition of maximum and consecutive sentences, do not implicate the Sixth Amendment as construed in Blakely. We further held that R.C. 2929.14(B), which governs the imposition of minimum sentences, does not implicate the Sixth Amendment. State v. Atkins-Boozer, Cuyahoga App. No. 84151, 2005-Ohio-2666. However, unlike R.C. 2929.14, R.C. 2925.03(C)(4)(g) and 2929.14(D)(3)(b) require the trial court to impose the statutory maximum sentence for a first degree felony (ten years) and allows the court to impose up to ten additional years' incarceration without submitting the facts that would lead to an enhancement to the jury. The "statutory maximum" for purposes of Blakely is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant. In other words, the relevant "statutory maximum" is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings. Blakely supra at 2537. If a state makes an increase in a defendant's authorized punishment contingent on the finding of a fact, that fact — no matter how the state labels it — must be found by a jury beyond a reasonable doubt. United States v. Booker (2005), 543 U.S. ___, citing Ring v. Arizona (2002), 536 U.S. 584, 122 S.Ct. 2428,153 L.Ed. 2d 556.
 {¶ 38} Similarly, this court has recently determined that the holding in Blakely applies to Ohio's repeat violent offender specification and its enhanced penalty. State v. DonnellMalcolm (Aug. 11, 2005), Cuyahoga App. No. 85351; Mason v.Griffin (2004), 104 Ohio St.3d 279, 2004-Ohio-6384. The repeat violent offender specification, under the now-unconstitutional R.C. 2941.149, required the trial court to make additional factual findings at the penalty phase akin to those called for under the major drug offender specification at R.C.2925.03(C)(4)(g).
 {¶ 39} Therefore, we find that Blakely and its progeny proscribe the major drug offender sentencing enhancement authorized by R.C. 2925.03(C)(4)(g) and 2929.14(D)(3)(b), rendering this portion of the Ohio sentencing statute unconstitutional. Appellant's sixth assignment of error is sustained, and the additional two-year enhanced sentence imposed pursuant to R.C. 2929.14(D)(3)(b) is vacated.
 {¶ 40} "VII. THE TRIAL COURT ERRED WHEN IT FAILED TO COMPLY WITH REVISED CODE SECTION — 2923.03(D), WHICH SAID ERROR CONSTITUTED PLAIN ERROR [SIC]."
 {¶ 41} R.C. 2923.03(D) requires that the court give a specific instruction when an accomplice testifies against a defendant. This section does not apply in the instant case because the appellant was not charged with complicity under R.C.2923.03. Given that the trial court was not required to give the jury instruction required under R.C. 2923.03(D), we overrule appellant's seventh assignment of error.
Judgment affirmed in part and vacated in part.
This cause is affirmed in part and vacated in part.
It is ordered that appellant and appellee share the costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Karpinski, J., concurs; JOYCE J. GEORGE, J.*, CONCURS INJUDGMENT ONLY.
* Sitting by Assignment: Judge Joyce J. George, Retired, of the Ninth District Court of Appeals.
[1] The findings set forth in (D)(2)(b)(i) and (ii) are:
"(i) The [prison] terms so imposed [for the offense and other specifications] are inadequate to punish the offender and protect the public from future crime, because the applicable factors under 2929.12 of the Revised Code indicating a greater likelihood of recidivism outweigh the applicable factors under that section indicating a lesser likelihood of recidivism.
"(ii) The terms so imposed are demeaning to the seriousness of the offense, because one or more of the factors under section2929.12 of the Revised Code indicating that the offender's conduct is more serious than conduct normally constituting the offense are present and they outweigh the applicable factors under that section indicating that the offender's conduct is less serious than conduct normally constituting the offense."