JOURNAL ENTRY AND OPINION
{¶ 1} The state appeals the trial court's determination that Ohio's major drug offender ("MDO") statute, R.C. 2929.14(D)(3), is unconstitutional under the Sixth Amendment to the United States Constitution.
 {¶ 2} In 2004, defendant was indicted in two separate criminal cases[1] in the Cuyahoga County Court of Common Pleas. The grand jury returned a fifteen count indictment against defendant and at least one other defendant. Counts one, two, three, and fifteen did not pertain to defendant. Counts four, five and six charged defendant with drug trafficking, preparation of drugs for sale, and drug possession, respectively. Those same counts referred to an amount of crack cocaine between 5 to 10 grams. Count seven charged drug trafficking in an amount of crack cocaine exceeding 100 grams. Counts eight and ten charged preparation of drugs for sale in the same 100 gram amount. Counts nine and eleven charged drug possession in an amount again exceeding 100 grams of crack cocaine. Counts seven through eleven each carried MDO specifications. Counts twelve and thirteen charged preparing for sale and possession of crack cocaine in an amount between 500 and 1,000 grams. Count fourteen charged the offense of possessing criminal tools in violation of R.C.2923.24.
 {¶ 3} After waiving his right to a jury trial, defendant proceeded to a bench trial. Defendant was convicted on all charges except count twelve — possession exceeding 500 grams. His convictions included multiple counts of drug trafficking, each of which included an MDO specification under 2929.14(D)(3).[2]
 {¶ 4} Prior to defendant's trial and convictions, however, the United States Supreme Court decided Blakely v. Washington
(2004), 542 U.S. 296, 124 S.Ct. 2541, 159 L.Ed.2d 403.[3]
In Blakely, the U.S. Supreme Court determined that a state of Washington sentencing law violated the defendant'sSixth Amendment right to a jury trial because the law allowed the trial court, not a jury, to impose more than three years above the statutory maximum for defendant's crime.
 {¶ 5} Relying on Blakely, the trial court in the case at bar conducted a presentencing hearing during which it advised defendant that he had a right to a sentencing hearing before a jury because the state was going to seek a prison term longer than the mandatory ten-year statutory maximum on his MDO specifications.[4] After defendant opted for a sentence imposed by a jury, the court set October 6, 2004 as the hearing date.
 {¶ 6} The state objected to the hearing and eventually filed a writ of prohibition in the Ohio Supreme Court in State ex rel.Mason v. Griffin, 103 Ohio St.3d 1469, 2004-Ohio-5294,815 N.E.2d 1122. The writ sought to prevent the jury-sentencing hearing because it was not authorized by any Ohio sentencing statute. In response, the trial court filed a motion to dismiss the state's petition.
 {¶ 7} While the state's petition and the court's motion to dismiss were pending, the October 6th jury-sentencing hearing was stayed. The Ohio Supreme Court granted the state's request for a writ of prohibition[5] and determined that the trial court had no jurisdiction to conduct a jury-sentencing hearing.
 {¶ 8} The Court stated that the trial court had only two options under Blakely. The court could "(1) apply the statutes as if Blakely did not render them unconstitutional and conduct a sentencing hearing without a jury or (2) find the statutes unconstitutional under Blakely and refuse to impose those enhancement provisions he deemed unconstitutional. By choosing neither, he proceeded in a manner in which he patently and unambiguously lacked jurisdiction to act." State ex rel. Mason,
at ¶ 17.
 {¶ 9} Following this Ohio Supreme Court decision, the trial court, upon remand, conducted defendant's sentencing hearing. During that hearing, the trial court selected the second option offered in State ex rel. Mason, supra. When it came time to address the sentencing issues related to defendant's MDO specifications, the trial court stated that Blakely applied and, therefore, it would not apply any additional sentencing time beyond the MDO statute's mandatory ten-year term.
 {¶ 10} Following defendant's sentencing, the state filed this timely appeal, in which it presents a sole assignment of error:
THE TRIAL COURT ERRED IN FINDING R.C. 2929.14(D)(3) UNCONSTITUTIONAL UNDER BLAKELY V. WASHINGTON (2004), 542 U.S. ___, 124 S.CT. 2541, 159 L.ED.2D 403.[6]
 {¶ 11} The state argues that the trial court erred when it determined that R.C. 2929.14(D)(3) is unconstitutional underBlakely v. Washington (2004), 542 U.S. 296, 124 S.Ct. 2541,159 L.Ed.2d 403.
 {¶ 12} Although this court in an en banc decision has found that Blakely does not apply generally to Ohio's sentencing statute, recently, this court in State v. Short, Cuyahoga App. No. 83804, 2005-Ohio-4578, found the MDO statute an exception. Construing the constitutionality of R.C. 2929.14(D)(3), this court explained:
R.C. 2925.03(C)(4)(g) and 2929.14(D)(3)(b) require the trial court to impose the statutory maximum sentence for a first degree felony (ten years) and allows the court to impose up to ten additional years' incarceration without submitting the facts that would lead to an enhancement to the jury. The "statutory maximum" for purposes of Blakely is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant. In other words, the relevant "statutory maximum" is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings. Blakely supra at 2537. If a state makes an increase in a defendant's authorized punishment contingent on the finding of a fact, that fact — no matter how the state labels it — must be found by a jury beyond a reasonable doubt. United States v. Booker (2005), 543 U.S.,125 S. Ct. 738, 160 L.Ed.2d 621, citing Ring v. Arizona (2002),536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed. 2d 556.
* * *
Therefore, we find that Blakely and its progeny proscribe the major drug offender sentencing enhancement authorized by R.C.2925.03(C)(4)(g) and 2929.14(D)(3)(b), rendering this portion of the Ohio sentencing statute unconstitutional.
Short, supra, at ¶ 37 and ¶ 39; State v. Donnell Malcolm,
Cuyahoga App. No. 85351, 2005-Ohio-4133.
 {¶ 13} As explained in Short, supra, R.C. 2929.14(D)(3) violates Blakely and is, therefore, unconstitutional because it allows the trial court, instead of a jury, to impose sentencing enhancements beyond the ten-year statutory maximum. In the case at bar, the trial court refused to impose any additional time for defendant's MDO specifications beyond R.C. 2929.14(D)(3)'s mandatory ten-year term. Accordingly, we conclude that the trial court did not err under either Blakely, supra, or Short,
supra. The state's sole assignment of error is overruled.
Judgment accordingly.
It is ordered that appellee recover of appellant his costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Cooney, P.J., and McMonagle, J., concur.
[1] Case Nos. CR 445445 and CR 427648. Case No. CR 427648 is not relevant to this appeal.
[2] R.C. 2929.14(D)(3) provides in pertinent part:
"(a) * * * if the offender commits a violation of section2925.03 or 2925.11 of the Revised Code and that section classifies the offender as a major drug offender and requires the imposition of a ten-year prison term on the offender, * * * the court shall impose upon the offender for the felony violation a ten-year prison term that cannot be reduced pursuant to section 2929.30 or Chapter 2967. or 5120. of the Revised Code.
"(b) The court imposing a prison term on an offender under division (D)(3)(a) of this section may impose an additional prison term of one, two, three, four, five, six, seven, eight, nine, or ten years, if the court, with respect to the term imposed under division (D)(3)(a) of this section * * * makes both of the findings set forth in division (D)(2)(b)(i) and (ii)."
[3] Decided on June 24, 2004.
[4] The trial court also advised defendant of this same right as it pertained to consecutive sentences.
[5] Alternatively, the Court denied the trial court's motion to dismiss.
[6] This case has since been published: 542 U.S. 296.