JOURNAL ENTRY AND OPINION
{¶ 1} On December 30, 2005, Eddie Short, through counsel, filed an application for reopening pursuant to App. R. 26(B). He is attempting to reopen the appellate judgment that was rendered by this court in State v. Short, Cuyahoga App. No. 83804,2005-Ohio-4578. In that opinion, this court affirmed in part and vacated Short's two-year sentence enhancement for being a major drug offender. He now alleges that his counsel was ineffective for failing to argue that his near-maximum prison sentences were based upon facts not submitted to the jury or proven beyond a reasonable doubt inviolate of the principles set forth byBlakely v. Wahington (2004), 542 U.S. 296, 124 S.Ct. 2531,159 L.Ed.2d 403. On March 31, 2006, the State of Ohio, through the Cuyahoga County Prosecutor's office, filed a memorandum of law in opposition to application for reopening. For the following reason, this court declines to reopen Short's direct appeal.
 {¶ 2} After this court issued its decision, the Supreme Court of Ohio accepted the State's appeal and Short filed a cross-appeal. The Supreme Court then held the case for decision in State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, which concerned constitutional challenges to Ohio's sentencing scheme under Apprendi v. New Jersey (2000), 530 U.S. 466,120 S.Ct. 2348, 147 L.Ed.2d 435, and Blakely v. Washington, supra. Thereafter, on May 3, 2006, the Court decided In re OhioCriminal Sentencing Statutes Cases, 109 Ohio St.3d 313,2006-Ohio-2109, and affirmed our judgment.
 {¶ 3} Consequently, res judicata properly bars this application. See, generally, State v. Perry (1967),10 Ohio St.2d 175, 226 N.E.2d 1204. Res judicata prevents repeated attacks on a final judgment and applies to all issues which were or might have been litigated. The Supreme Court of Ohio has further established that a claim for ineffective assistance of counsel may be barred by the doctrine of res judicata unless circumstances render the application of the doctrine unjust.State v. Murnahan (1992), 63 Ohio St.3d 60, 584 N.E.2d 1204. In the instant matter, we do not find the application of res judicata to be unjust.
 {¶ 4} Accordingly, the application for reopening is denied.
Dyke, A.J., Concurs Blackmon, J., Concurs.